Nikita PETTIES, et al., Plaintiffs,

v.

THE DISTRICT OF COLUMBIA,
et al., Defendants.

No. CIV.A. 95–0148(OKF).

United States District Court,
District of Columbia.

July 17, 2002.

## ORDER

PAUL L. FRIEDMAN, District Judge.

Upon consideration of the Report and Recommendations of the Special Master dated July 2, 2002, and upon the entire record herein, it is hereby ORDERED that,

1. DCPS shall enter the names of all students requiring transportation at the commencement of the 2002–2003 school year, along with the school that each such student will attend, into the Management Information System ("MIS") database by close of business July 26, 2002. In order to promote adherence to, and monitor performance of, this Order the following procedure shall apply:

   a. On July 26, 2002, DCPS shall provide to the Special Master and plaintiffs' counsel an electronic copy of the MIS database containing the roster of all students identified as requiring transportation at the commencement of the 2002–2003 school year. DCPS shall indicate the location of the records used to populate the entries in the MIS database. The Special Master and the parties may examine the records relating to the any of the students whose names appear on the July 19, 2002 roster or are added subsequently.

   b. The Special Master shall compare the names entered into the database by July 26, 2002 with the May 17, 2002 roster [1]. The Special Master shall prepare a catalog of students who have been omitted from the July 26, 2002 roster. For purposes of this paragraph, an "omission" in the database is any instance in which a student is identified on May 17, 2002 as receiving transportation services but whose name does not appear on the July 26, 2002 roster as a student who is to receive transportation. Both parties shall have an opportunity to review the catalog prepared by the Special Master. With respect to any student whose name is omitted, DCPS shall be provided with an opportunity to demonstrate that the omission was the result in a change in the student's transportation status (as reflected on a Student Transportation Data Form) or that the status of the student for purposes of transportation services could not have been known prior to July 26, 2002. As soon after July 26, 2002, as is reasonably possible, the Special Master shall file, and hand-deliver to Chambers and counsel, the catalog of students whose names have been omitted, notations regarding justifications (such as a documented changes in transportation status) and recommendations for fines with respect to any student for whom adequate cause has not been shown. The Special Master may recom-

1. The May 17, 2002 roster was provided to the Court by the Special Master in the report dated July 2, 2002.

mend a fine up to $1,000 for each student whose name has been omitted from the July 26 database without adequate cause.

c.  DCPS shall provide the Special Master and plaintiffs counsel with an electronic copy of all changes in the MIS transportation database on a daily basis from July 26, 2002 through September 13, 2002, and weekly thereafter. Following July 26, 2002, the Special Master shall review changes to the transportation roster. For purposes of this paragraph, a "change" in the database shall include a change in school placement or the addition of a student who did not receive transportation services on May 17, 2002. Such change shall be considered late if it is entered in the database after July 26, 2002. The Special Master shall, on a periodic basis, prepare lists of students who have been added to the transportation database or whose school placements have been changed on the student roster. Both parties shall have an opportunity to review the lists prepared by the Special Master. With respect to late changes, DCPS shall be provided with an opportunity to demonstrate that the change could not have been made prior to July 26, 2002. The Special Master may recommend a fine up to $1,000 for each late change for which DCPS is unable to demonstrate adequate cause for untimeliness.

d.  For all fines recommended under the foregoing paragraph, the Special Master shall review the additions to the database after July 26 and shall file a supplemental report proposing abatements in instances where data was entered for a stu-

dent after July 26 on the following basis: an abatement of eighty (80) percent of the fine originally recommended for data entered after July 26, 2002 but on or before August 2, 2002; sixty (60) percent for data entered after August 2, 2002 but on or before August 9, 2002; ; forty (40) percent for data entered after August 9, 2002 but on or before August 16, 2002; twenty (20) percent for data entered after August 16, 2002 but on or before August 23, 2002; and ten (10) percent for data entered after August 23, 2002 but on or before August 30, 2002.

2.  Commencing on August 7, 2002, and daily thereafter until September 3, 2002, DCPS shall maintain a list setting forth, on a daily basis, the name of each driver and attendant, and a notation as to whether each driver and attendant (i) completed a dry run, and if so, the route number; (ii) transported students, and if so, the route number, or (iii) participated in training. In order to promote adherence to, and monitor performance of, the foregoing list shall be made available for inspection at the Transportation Division headquarters by the Special Master and plaintiffs' counsel by noon of the following business day. Upon a finding by the Special Master that defendants have failed to comply with this provision after the date of this Order, defendants may be fined up to one thousand dollars ($1,000.00) for each day in which they fail to maintain or make available the list containing all required information.

3.  Commencing on August 7, 2002, and daily thereafter until September 3, 2002, DCPS shall maintain a "dry run log" for each route which includes the date, the route number, the bus number, the

name of the bus driver, the time of departure from the terminal and comments as to whether the "dry run" was able to perform the route as expected and if not, the reasons, and the signature of a supervisor from the terminal. In order to promote adherence to, and monitor performance of, this provision, the "dry run logs" shall be made available for inspection at the Transportation Division headquarters by the Special Master and plaintiffs' counsel by noon of the following business day. Upon a showing that defendants have failed to comply with this provision, defendants may be fined up to one thousand dollars (1,000.00) for any day in which they fail to maintain or to make available logs of all dry runs.

4. On or before August 5, 2002, DCPS shall file and hand-deliver to Chambers, the Special Master and plaintiffs' counsel a status report that includes the following information:

   a. The names of drivers on the DCPS payroll who have SBOLs that expire August 2003, the names of attendants on the DCPS payroll and the BE numbers of buses available to transport students at the commencement of the 2002–2003 school year;

   b. The number of school buses, bus drivers and attendants needed to staff routes that will meet the ride-time and punctuality standards established in this case; and

   c. The arrangements for meeting any shortfall between the number of buses, drivers and attendants needed and those available and the status of those arrangements.

5. With respect to any report filed by the Special Master that contains findings and recommendations regarding omissions or changes as described in paragraph 1 of this Order, the parties shall be provided with an opportunity under FRCP Rule 53 to raise any objections or defenses that are warranted. Upon a full review of the arguments presented by counsel, the Court will decide whether or not to impose fines recommended by the Special Master, or take some other action.

6. Upon a report by the Special Master that defendants have failed to comply with paragraphs 2, 3 or 4 of this Order, the parties shall be provided with an opportunity under FRCP Rule 53 to raise any objections or defenses that are warranted. Upon a full review of the arguments presented by counsel, the Court will decide whether or not to impose any fines recommended by the Special Master, or take some other action.

7. All fines imposed shall be placed in the Court Registry. The defendants may request the return of such fines after November 7, 2002. In considering the defendants request for remission, the Court shall consider the extent to which transportation services for class members during the first quarter of the 2002–2003 school year have met the established standards for punctuality and ride-time, as set forth in the DCPS *Special Education Transportation Standards*.[2]

8. In order to monitor the attainment of the objectives described above, defendants shall furnish the Special Master with documentation and information in the form in which it is re-

---

**2.** Filed with the Court on August 25, 1997.

quested and by the date that it is requested.

SO ORDERED.